1  Hyung S. Choi, State Bar 015669
   Veronika Fabian, State Bar 018770
2  CHOI & FABIAN, PLC
   90 S. Kyrene Rd., Suite #5
3  Chandler, Arizona  85226
   tel:  (480) 517-1400
4  fax: (480) 517-6955
   Flagstaff: (928) 779-2226
5  veronika@choianfabian.com
     Attorneys for Christina Cohen

6              UNITED STATES DISTRICT COURT
                 DISTRICT OF ARIZONA
7

8  Christina Cohen f/k/a Christina                NO.
   Gatewood,
9
              Plaintiff,                    **COMPLAINT**
10       vs.

11 Sallie Mae, Inc., Navient Solutions, Inc.,
   Equifax Information Services, LLC,
12 Experian Information Solutions, Inc.,

      Defendants.
13

14              **INTRODUCTION**

15 1.    On August 19, 2014, Plaintiff's student loan accounts were discharged in her

16       Chapter 7 bankruptcy pursuant to 11 U.S.C. 523(a)(8).  Yet, Defendants continue

17       to report account balances and on-going late payment history on the discharged

18       accounts.  Plaintiff's four disputes to Experian did not fix the problem.  Three

19       disputes to Equifax did not fix the problem.  A dispute sent directly to Navient

20

also did not solve the problem.  Plaintiff brings this case to remedy Defendants'
violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION

2.    This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p.

## PARTIES

3.    Plaintiff Christina Cohen formerly known as Christina Gatewood ("Christina") is
a natural person and a resident of Tucson, Pima County, Arizona.

4.    Christina is a "consumer" as defined under 15 U.S.C. § 1681a(c).

5.    Defendant Sallie Mae, Inc. ("Sallie Mae"), is a publically traded Delaware
corporation self-proclaimed as "the nation's No. 1 financial service company
specializing in education."

6.    Sallie Mae is a furnisher of information to consumer reporting agencies
contemplated by 15 U.S.C. § 1681s-2 that regularly and in the ordinary course of
business furnishes information to one or more consumer reporting agencies
bureaus about consumer transactions or experiences with any consumer.

7.    Defendant Navient Solutions, Inc. ("Navient"), is a publically traded
Massachusetts corporation.

8.    Navient is a furnisher of information to consumer reporting agencies
contemplated by 15 U.S.C. § 1681s-2 that regularly and in the ordinary course of
business furnishes information to one or more consumer reporting agencies
bureaus about consumer transactions or experiences with any consumer.

9.    Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company licensed to do business in the state of Arizona.

10.   Equifax is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

11.   Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation licensed to do business in the state of Arizona.

12.   Experian is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties.

**FACTS**

**Christina**

13.   Christina is a double major (accounting and finance) graduate of the University of Southern California.

14.   While attending the university, Christina incurred substantial student loan debt.

15.   Christina obtained a job in her chosen profession.

16.   Unfortunately, Christina sustained debilitating injuries and became disabled.

17.   Christina was unable to work and had to file for bankruptcy.

**Christina's Student Loans Were Discharged in Chapter 7 Bankruptcy**

18.     On August 19, 2014, Christina and Navient entered into a stipulation for

educational loan debt discharge for the following student loans:

     a.     one (1) Signature Student Loan disbursed September 28, 2005, with a
balance, including principal, interest and fees, totaling $7,255.14;

     b.     one (1) Signature Student Loan disbursed December 20, 2005, with a
balance, including principal, interest and fees, totaling $4,396.86; and

     c.     one (1) Signature Student Loan disbursed March 8, 2006, with a balance,
including principal, interest and fees, totaling $6,854.40.

(Exhibit A:  Amended Stipulation for Discharge of Educational Loan Debt

Between Plaintiff and Navient Solutions, Inc. and for a Dismissal of Sallie Mae

PC Credit Student Loan Trust as a Defendant in this Adversary Proceeding, In re

Gatewood, United States Bankruptcy Court for the Northern District of

California, Case No. 09-40953-RLE-7).  These loans are referred to hereafter as

"the discharged student loan accounts."

19.     The discharged student loan accounts were held by Sallie Mae PC Credit Student

Loan Trust, which was being administered by Navient Solutions, Inc. f/k/a Sallie

Mae, Inc.

20.     Navient had full authority to administer the Trust and all loans held therein,

including making determinations related to the dischargeability of the discharged

student loan accounts.

21.    On August 19, 2014, the United States Bankruptcy Judge Roger L. Efremsky signed the Order Approving Amended Stipulation for Discharge of Educational Loan Debt Between Plaintiff and Navient Solutions, Inc. and for a Dismissal of Sallie Mae PC Credit Student Loan Trust as a Defendant in the Adversary Proceeding.  (Exhibit B).

22.    Thus, as of August 19, 2014, Christina did not owe any obligations to Navient or Sallie Mae for the discharged student loan accounts.

**Transunion Reports Correctly**

23.    After the discharge, Transunion correctly reported/reports the discharged student loan accounts, or at least reported/reports them in a way that did not cause continued problems for Christina.

24.    Experian and Equifax, on the other hand, continue to report outstanding balances and late payment history on the discharged student loan accounts.

**Experian's Unreasonable Reinvestigation of the First and Second Disputes**

25.    In December of 2014, Christina noted Experian was reporting outstanding balances and post-bankruptcy late payment histories on the following two of the discharged student loan accounts.

    a.    Navient Account #: 5029350486538965; Opened: September 2005

    b.    Navient Account #: 5029350486538973; Opened: December 2005

26.    Christina also noted that Experian failed to indicate that the discharged student loan accounts were included in the bankruptcy.

1   27.   Christina disputed via Experian's website.

2   28.   In January of 2015, Christina sent another dispute, again via Experian's website,

3         requested the status for the discharged student loan accounts be changed to

4         "included in bankruptcy," and uploaded the stipulation approved by the

5         Bankruptcy Court Judge.

6   29.   On January 12, 2015, Experian sent a letter to Christina stating:

7              We have reviewed the documentation you provided with
               your dispute, but have determined that we are not able to use
               it to make the changes or deletions you requested.  We are
8              contacting the furnisher of the information or the vendor
               who collected the information from a public record source.
9              When we complete our processing of your dispute, which
               may take up to 30 days (or up to 45 days for a dispute of
10             information in an annual free credit report), we will send you
               the results.

11   (Exhibit C: Experian's January 12, 2015 Letter).

12   30.   Experian "processed" the disputes by continuing to report the outstanding

13         balances and late payment histories on the two of the discharged student loan

14         accounts.  (Exhibit D: Experian's January 23, 2015 response, pp 8-9).

15   31.   Interestingly, Experian correctly reported the third (opened on March 2006)

16         discharged student loan accounts.

17   32.   Experian did not conduct a reasonable reinvestigation of Christina's December

18         2014 and January 2015 on-line disputes as required by 15 U.S.C. §1681i(a)(1).

19   33.   Experian's unreasonable reinvestigation is apparent by its inconsistent reporting

20         (reporting two with outstanding balances and on-going late payment histories,

6

while reporting one as included in bankruptcy) of the discharged student loan accounts.

### Navient's Unreasonable Investigation of the First and Second Disputes to Experian

34.   Upon information and belief, Experian forwarded Christina's December 2014 and January 2015 on-line disputes to Navient as required by 15 U.S.C. §1681i(a)(2).

35.   Upon information and belief, Experian electronically submitted an Automated Consumer Dispute Verifications ("ACDV") to Navient.

36.   Upon information and belief, Experian's ACDVs included all information and documents (including the stipulation approved by the Bankruptcy Court Judge uploaded by Christina during her January 2015 on-line dispute) submitted by Christina to Experian.

37.   Navient did not conduct reasonable investigation of Christina's December 2014 and January 2015 on-line disputes as required by 15 U.S.C. §1681s-2(b).

38.   Navient's unreasonable investigation is apparent by its inconsistent reporting (reporting two with outstanding balances and on-going late payment histories, while reporting one as included in bankruptcy) of the discharged student loan accounts.

39.     Moreover, Navient appears to have failed to consider, or intentionally disregarded, the stipulation approved by the Bankruptcy Court Judge uploaded by Christina during her January 2015 on-line dispute.

40.     Upon information and belief, Navient verified to Experian that the outstanding balances and the on-going late payment histories on two of the discharged student loan accounts were accurate.

41.     Navient failed to tell Experian that the two discharged student loan accounts were included in Christina's bankruptcy.

## Experian's Unreasonable Reinvestigation of the Third Dispute

42.     On March 7, 2015, Christina wrote and mailed a dispute to Experian.  (Exhibit E: Christina's March 7, 2015 dispute letter and return receipt).

43.     In the March 7, 2015 dispute, Christina again explained that the discharged student loan accounts were discharged in bankruptcy, enclosed a copy of the stipulation approved by the Bankruptcy Court Judge, and requested a correction.

44.     On March 23, 2015, Experian sent a letter which was identical to its January 12, 2015 letter.  (Exhibit F: Experian's March 23, 2015 Letter).

45.     On the same day, Experian also sent a letter stating:

> We are responding to your comment about debts discharged through bankruptcy. We can update your personal credit report if you either write to us listing the items included in the bankruptcy or send us a copy of your bankruptcy schedule and a court document showing the chapter and filing date and discharge date of the bankruptcy. Enclose one

8

copy of the below information along with your bankruptcy schedule: . . .

(Exhibit G: Experian's March 23, 2015 Letter #2).

46.   Christina believed the two letters (both dated March 23, 2015) from Experian were inconsistent with each other as one claimed Experian was "not able to use" the document provided by Christina, yet the other requested a copy of the "bankruptcy schedule and a copy of court document showing the chapter and filing date and discharge date of the bankruptcy."

47.   Moreover, in her March 23, 2015 dispute letter to Experian, Christina did list the items included in the bankruptcy but were not being reported as included in bankruptcy by Experian.

48.   Moreover, the January 23, 2015 credit report provided by Experian in response to Christina's first and second disputes, Experian listed 14 accounts "included in Chapter 7 Bankruptcy on February 19, 2014."

49.   To make matters worse, one of the 14 accounts reported as "included in Chapter 7 Bankruptcy on February 19, 2014" included one of the three  discharged student loan accounts.

50.   Thus, Christina felt like Experian was simply giving her the run around.

51.    While Christina was trying to figure out the best way to respond to the unreasonable demands by Experian, she received a "correction summary" still listing the outstanding balances and on-going late payment history for two of the

discharged student loan accounts.  (Exhibit H: Experian's April 4, 2015 response, pp 9-10).

52. The only substantive correction Experian appears to have made in response to Christina's third dispute is to list the bankruptcy in the Public Records section.

53. Again, Experian correctly reported the third (opened on March 2006) discharged student loan accounts.

54. Experian did not conduct a reasonable reinvestigation of Christina's March 23, 2015 dispute as required by 15 U.S.C. §1681i(a)(1).

55. Experian's unreasonable reinvestigation is apparent by its inconsistent letters, unreasonable demand for additional information from Christina, and inconsistent reporting  (reporting two with outstanding balances and on-going late payment histories, while reporting one as included in bankruptcy) of the discharged student loan accounts.

**Navient's Unreasonable Investigation of the Third Dispute to Experian**

56. Upon information and belief, Experian forwarded Christina's March 23, 2015 dispute to Navient as required by 15 U.S.C. §1681i(a)(2).

57. Upon information and belief, Experian electronically submitted an Automated Consumer Dispute Verification ("ACDV") to Navient.

58. Upon information and belief, Experian's ACDV included all information and documents (including the stipulation approved by the Bankruptcy Court Judge included in the March 23, 2015 dispute) submitted by Christina to Experian.

59. Navient did not conduct a reasonable investigation of Christina's March 23, 2015 dispute as required by 15 U.S.C. §1681s-2(b).

60. Navient's unreasonable investigation is apparent by its inconsistent reporting (reporting two with outstanding balances and on-going late payment histories, while reporting one as included in bankruptcy) of the discharged student loan accounts.

61. Moreover, Navient appears to have failed to consider, or intentionally disregarded, the stipulation approved by the Bankruptcy Court Judge provided by Christina in her March 23, 2015 dispute.

62. Upon information and belief, Navient verified to Experian that the outstanding balances and the on-going late payment histories on two of the discharged student loan accounts were accurate.

63. Navient failed to tell Experian that the two discharged student loan accounts were included in Christina's bankruptcy.

**Christina's Direct Dispute to Navient Was Ignored.**

64. Frustrated by lack of a positive response from Experian, on April 22, 2015, Christina sent a direct dispute to Navient.  (Exhibit I: Christina's April 22, 2015 Letter and signed receipt).

65. Christina again included a copy of the relevant bankruptcy court document and a copy pages of her Experian credit reporting showing the outstanding balances

1    and the on-going late payment histories being reported on two of the discharged

2    student loan accounts.

3    66.   Christina did not receive a response from Navient.

4              **Experian's Unreasonable Reinvestigation of the Fourth Dispute**

5    67.   On May 8, 2015, Christina wrote and mailed her fourth dispute to Experian.

6          (Exhibit J: Christina's May 8, 2015 dispute letter, enclosures omitted).

7    68.   Christina again enclosed a copy of the August 19, 2014 order signed by the

8          Bankruptcy Court Judge, pointed out that the three Navient Solutions, Inc.

9          accounts were discharged, and requested no account balance and no late payment

10         history reported after the discharge date.

11   69.   Christina also included a copy of her bankruptcy schedule with explanation that

12         her bankruptcy started as Chapter 13 and was converted to Chapter 7 on

13         November 20, 2013, and provided a copy of the Notice to Convert.

14   70.   Christina also provided a copy of her driver's license with the explanation that she

15         got married in 2011 and uses the name Christina Elaine Cohen as her husband's

16         last name is Cohen, and a cell phone bill showing her current address.

17   71.   Last, Christina told Experian that she needs to rent an apartment soon due to her

18         husband's job situation and requested an immediate correction.

19   72.   Contrary to its March 23, 2015 Letter #2 (Exhibit F above) which stated:

20              We can update your personal credit report if you either write
                to us listing the items included in the bankruptcy or send us a
                copy of your bankruptcy schedule and a court document

12

showing the chapter and filing date and discharge date of the bankruptcy . . .

Experian responded with another standard form response which stated:

> We have reviewed the documentation you provided with your dispute, but have determined that we are not able to use it to make the changes or deletions you requested.  We are contacting the furnisher of the information or the vendor who collected the information from a public record source. When we complete our processing of your dispute, which may take up to 30 days (or up to 45 days for a dispute of information in an annual free credit report), we will send you the results.

(Exhibit K: Experian's May 19, 2015 Letter).

73.     On June 3, 2015, Experian sent a response still containing the same outstanding balances and the on-going late payment histories on two of the discharged student loan accounts were accurate.  (Exhibit L: Experian's June 3, 2015 response, pp 9-10).

74.     Again, Experian correctly reported the third (opened on March 2006) discharged student loan accounts.

75.     Experian did not conduct a reasonable reinvestigation of Christina's May 8, 2015 dispute as required by 15 U.S.C. §1681i(a)(1).

76.     Experian's unreasonable reinvestigation is apparent by its May 19, 2015 letter which was inconsistent with its March 23, 2015 letter, and inconsistent reporting (reporting two with outstanding balances and on-going late payment histories,

while reporting one as included in bankruptcy) of the discharged student loan accounts.

**Navient's Unreasonable Investigation of the Fourth Dispute to Experian**

77.   Upon information and belief, Experian forwarded Christina's May 8, 2015 dispute to Navient as required by 15 U.S.C. §1681i(a)(2).

78.   Upon information and belief, Experian electronically submitted an Automated Consumer Dispute Verification ("ACDV") to Navient.

79.   Upon information and belief, Experian's ACDV included all information and documents submitted by Christina to Experian.

80.   Navient did not conduct a reasonable investigation of Christina's May 8, 2015 dispute as required by 15 U.S.C. §1681s-2(b).

81.   Navient's unreasonable investigation is apparent by its inconsistent reporting (reporting two with outstanding balances and on-going late payment histories, while reporting one as included in bankruptcy) of the discharged student loan accounts.

82.   Moreover, Navient appears to have failed to consider, or intentionally disregarded, the stipulation approved by the Bankruptcy Court Judge provided by Christina in her May 8, 2015 dispute.

83.   Upon information and belief, Navient verified to Experian that the outstanding balances and the on-going late payment histories on two of the discharged student loan accounts were accurate.

14

84. Navient failed to tell Experian that the two discharged student loan accounts were included in Christina's bankruptcy.

**Equifax's Unreasonable Reinvestigation of the First Dispute**

85. In April of 2015, Christina noticed Equifax was reporting late payment histories on two of the discharged student loan accounts.

86. Christina disputed the wrong information via Equifax's website.

87. On May 5, 2015, Equifax responded.  (Exhibit M: Equifax's May 5, 2015 response).

88. Equifax did not remove late payment histories on two of the discharged student loan accounts.

89. Upon information and belief, Equifax correctly reported the third (opened on March 2006) discharged student loan accounts.

90. Equifax did not conduct a reasonable reinvestigation of Christina's April 2015 dispute as required by 15 U.S.C. §1681i(a)(1).

91. Equifax's unreasonable reinvestigation is apparent by its inconsistent reporting (reporting two with outstanding balances and on-going late payment histories, while reporting one as included in bankruptcy) of the discharged student loan accounts.

**Navient's Unreasonable Investigation of the First Dispute to Equifax**

92. Upon information and belief, Equifax forwarded Christina's April 2015 dispute to Navient as required by 15 U.S.C. §1681i(a)(2).

93. Upon information and belief, Equifax electronically submitted an Automated Consumer Dispute Verification ("ACDV") to Navient.

94. Upon information and belief, Equifax's ACDV included all information and documents submitted by Christina to Equifax.

95. Navient did not conduct a reasonable investigation of Christina's April 2015 dispute as required by 15 U.S.C. §1681s-2(b).

96. Navient's unreasonable investigation is apparent by its inconsistent reporting (reporting two with outstanding balances and on-going late payment histories, while reporting one as included in bankruptcy) of the discharged student loan accounts.

97. Moreover, Navient appears to have failed to consider, or intentionally disregarded, its own internal records regarding the discharged student loan accounts, and the litigation leading up to the stipulated discharge.

98. Upon information and belief, Navient verified to Equifax that the on-going late payment histories on two of the discharged student loan accounts were accurate.

99. Navient failed to tell Equifax that the two discharged student loan accounts were included in Christina's bankruptcy.

**Equifax's Unreasonable Reinvestigation of the Second Dispute**

100. On July 8, 2015, Christina sent a letter, a copy August 19, 2014 order signed by the judge assigned to the bankruptcy case, the Stipulation, the Schedule from her bankruptcy filing, Notice to Convert, a copy of her driver's license, and a cell

phone bill showing her current address, for her second dispute to Equifax. (Exhibit N: Christina's July 8, 2015 dispute, enclosures omitted).

101.  Christina explained the disputed accounts were discharged in her Chapter 7 bankruptcy, and that should be no account balance reported after that discharge date in the account history section or any late payment history reported after that date.

102.  Christina requested a correction as she need to rent an apartment soon due to her husband's job situation.

103.  On July 30, 2015, Equifax responded.  (Exhibit O: Equifax's July 30, 2015 response).

104.  Equifax's response stated "The disputed bankruptcy christina ELAINE gatewood is currently not reporting on the Equifax credit file" which did not make sense.

105.  Equifax did not conduct a reasonable reinvestigation of Christina's July 8, 2015 dispute as required by 15 U.S.C. §1681i(a)(1).

106.  Equifax's unreasonable reinvestigation is apparent by its nonsensical response in its July 30, 2015 response.

107.  Given the nonsensical response in its July 30, 2015 response, Equifax may not have forwarded Christina's July 8, 2015 dispute to Navient.

108.  If Equifax did not forward Christina's July 8, 2015 dispute to Navient, then Equifax failed to meet the requirements of 15 U.S.C. §1681i(a)(2).

17

**Navient's Unreasonable Investigation of the Second Dispute to Equifax**

109. Paragraphs 104 - of this Complaint apply only if Equifax forwarded Christina's July 8, 2015 dispute to Navient as required by 15 U.S.C. §1681i(a)(2).

110. Upon information and belief, Equifax forwarded Christina's  July 8, 2015 dispute to Navient as required by 15 U.S.C. §1681i(a)(2).

111. Upon information and belief, Equifax electronically submitted an Automated Consumer Dispute Verification ("ACDV") to Navient.

112. Upon information and belief, Equifax's ACDV included all information and documents submitted by Christina to Equifax.

113. Navient did not conduct a reasonable investigation of Christina's  July 8, 2015 dispute as required by 15 U.S.C. §1681s-2(b).

114. Navient's unreasonable investigation is apparent by its inconsistent reporting (reporting two with outstanding balances and on-going late payment histories, while reporting one as included in bankruptcy) of the discharged student loan accounts.

115. Moreover, Navient appears to have failed to consider, or intentionally disregarded, its own internal records regarding the discharged student loan accounts, and the litigation leading up to the stipulated discharge.

116. Upon information and belief, Navient verified to Equifax that the on-going late payment histories on two of the discharged student loan accounts were accurate.

117. Navient failed to tell Equifax that the two discharged student loan accounts were included in Christina's bankruptcy.

118. Alternatively, upon information and belief, Equifax forwarded Christina's July 8, 2015 dispute to Sallie Mae as required by 15 U.S.C. §1681i(a)(2).

119. Upon information and belief, Equifax electronically submitted an Automated Consumer Dispute Verification ("ACDV") to Sallie Mae .

120. Upon information and belief, Equifax's ACDV included all information and documents submitted by Christina to Equifax.

121. Sallie Mae did not conduct a reasonable investigation of Christina's July 8, 2015 dispute as required by 15 U.S.C. §1681s-2(b).

122. Sallie Mae's unreasonable investigation is apparent by its inconsistent reporting (reporting two with outstanding balances and on-going late payment histories, while reporting one as included in bankruptcy) of the discharged student loan accounts.

123. Moreover, Sallie Mae appears to have failed to consider, or intentionally disregarded, its own internal records regarding the discharged student loan accounts, and the litigation leading up to the stipulated discharge.

124. Upon information and belief, Sallie Mae verified to Equifax that the on-going late payment histories on two of the discharged student loan accounts were accurate.

125. Sallie Mae failed to tell Equifax that the two discharged student loan accounts were included in Christina's bankruptcy.

19

**Equifax's Unreasonable Reinvestigation of the Third Dispute**

126.   Given the nonsensical response by Equifax to her  July 8, 2015 dispute, Christina decided to check her Equifax report.

127.   Christina was shocked to see that her Equifax report now showed Sallie Mae (as opposed to Navient) reporting "150 days past due" on the two discharged student loan accounts. (Exhibit P: August 10, 2015 Equifax Report, p. 11).

128.   On August 20, 2015, Christina again disputed with an explanation letter, a copy August 19, 2014 order signed by the judge assigned to the bankruptcy case, the Stipulation, the Schedule from her bankruptcy filing, Notice to Convert, a copy of her driver's license, and a cell phone bill showing her current address, for her third dispute to Equifax.  (Exhibit Q: Christina's August 20, 2015 dispute).

129.   Christina again explained the disputed accounts (with Navient Solutions, Inc. fka Salle Mae) were discharged in her Chapter 7 bankruptcy, and that should be no account balance reported after that discharge date in the account history section or any late payment history reported after that date.

130.   Christina requested a correction as she need to rent an apartment soon due to her husband's job situation.

131.   On September 18, 2015, Equifax responded.  (Exhibit R: Equifax's September 18, 2015 response).

132.   In the response, Equifax refused to remove the "150 Days Past Due" status on the two discharged student loan accounts, being reported by Sallie Mae.

133.   Equifax did not conduct a reasonable reinvestigation of Christina's August 20, 2015 dispute as required by 15 U.S.C. §1681i(a)(1).

134.   Equifax's unreasonable reinvestigation is apparent by the inconsistent reporting of different Sallie Mae accounts – some included in bankruptcy, and some showing on-going past due status.

135.   Equifax apparently disregarded the substantial bankruptcy documents submitted by Christina, instead opting to rely on information from Sallie Mae that conflicts with the bankruptcy documents.

**Sallie Mae's Unreasonable Investigation of the Third Dispute to Equifax**

136.   Upon information and belief, Equifax forwarded Christina's August 20, 2015 dispute to Sallie Mae as required by 15 U.S.C. §1681i(a)(2).

137.   Upon information and belief, Equifax electronically submitted an Automated Consumer Dispute Verification ("ACDV") to Sallie Mae.

138.   Upon information and belief, Equifax's ACDV included all information and documents submitted by Christina to Equifax.

139.   Sallie Mae did not conduct a reasonable investigation of Christina's  August 20, 2015 dispute as required by 15 U.S.C. §1681s-2(b).

140.   Sallie Mae's unreasonable investigation is apparent by its inconsistent reporting (reporting two with outstanding balances and on-going late payment histories, while reporting one as included in bankruptcy) of the discharged student loan accounts.

141.   Moreover, Sallie Mae appears to have failed to consider, or intentionally disregarded, its own internal records regarding the discharged student loan accounts, and the litigation leading up to the stipulated discharge.

142.   Upon information and belief, Sallie Mae verified to Equifax that the "150 Days Past Due" status on two of the discharged student loan accounts were accurate.

143.   Sallie Mae failed to tell Equifax that the two discharged student loan accounts were included in Christina's bankruptcy.

**Christina is Denied Credit And Her Credit Limits Are Lowered**

*Bank of America*

144.   In October of 2015, Christina applied for a Bank of America credit card.

145.   In connection with her application for credit, Bank of America reviewed Christina's Experian credit report.

146.   Upon information and belief, Christina's Experian credit report showed the outstanding balance and on-going late payment history for the two discharged student loan accounts.

147.   At the time, Christina's Experian credit score was 666.

148.   On October 19, 2015, Bank of American denied Christina's application for a credit card. (Exhibit S: October 19, 2015 Adverse Action from Bank of America).

149.   Bank of America based its decision, at least in part, on the incorrect Navient account information contained in her Experian Credit Report.

*Discover*

150. On December 23, 2015, Christina applied for a credit card with Discover.

151. In connection with her application for credit, Discover pulled Christina's Equifax credit report.

152. At the time, Christina's Equifax credit report showed the two discharged student loan accounts reported as Sallie Mae account with "150 Days Past Due" status.

153. On December 23, 2015, Discover denied Christina's application for a credit card. (Exhibit T: December 23, 2015 Adverse Action from Discover).

154. Discover based its decision, in part, on the incorrect Sallie Mae information contained in her Equifax Credit Report.

**Christina Is Distressed**

155. Each time Christina learned about the wrongful reporting of the Navient and Sallie Mae accounts, she became more and more anxious.

156. Christina's husband finished a graduate school education at the University of Arizona and looked for a job.

157. Christina and her family (including a 3 year old daughter) anticipated moving (to anywhere in the nation such as Washington, DC or Colorado) as soon as her husband obtained a job.

158. Christina's family depends on her credit being good enough to secure an apartment as her husband's credit history is not good due to economic sacrifices made while pursuing a higher education.

23

159.  Her FICO score based on Transunion data is 672, while the same for Equifax and Experian are 605 and 580, respectively.

160.  Christina's husband secured a job in Colorado and they must move within the next several weeks.

161.  Christina has been and is worried that the wrongful reporting of the Navient and Sallie Mae accounts will prevent her from securing a safe apartment for her family.

162.  The anxiety caused by the credit problems exacerbated the physical symptoms of her permanent illnesses.

**CAUSE OF ACTION NO. 1: VIOLATION OF THE FCRA**
**(Against Navient and Sallie Mae Only)**

163.  Navient and Sallie Mae violated the FCRA by willfully and/or negligently failing to conduct a reasonable investigation of Christina's disputes in accordance with 15 U.S.C. § 1691s-2(b).

164.  As a result of Navient and Sallie Mae's violations of the FCRA, Christina was damaged in an amount to be determined by this Court.

165.  Navient and Sallie Mae's conduct, actions and inactions as described above were willful, rendering them liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 6181n.

166. In the alternative, Navient and Sallie Mae's conduct, actions and inactions as described above were negligent, entitling Christina to recover her actual damages under 15 U.S.C. § 1681o.

167. Christina is entitled to recover actual and/or statutory damages, punitive damages, costs and attorney's fees from Navient and Sallie Mae pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### CAUSE OF ACTION NO. 2: VIOLATION OF THE FCRA
### (Against Equifax and Experian Only)

168. Equifax and Experian violated the FCRA by willfully and/or negligently by:

   a.   By failing to conduct a reasonable reinvestigation upon Christina's disputes as described above.  15 U.S.C. § 1681i(a)(1).

169. As a result of Equifax and Experian's violations of the FCRA, Christina was damaged in an amount to be determined by this Court.

170. Equifax and Experian's conduct, actions and inactions as described above were willful, rendering them liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 6181n.

171. In the alternative, Equifax and Experian's conduct, actions and inactions as described above were negligent, entitling Christina to recover her actual damages under 15 U.S.C. § 1681o.

172.   Christina is entitled to recover actual and/or statutory damages, punitive damages, costs and attorney's fees from Equifax and Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## JURY TRIAL REQUESTED

173.   Christina requests a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Christina prays that this Court enter Judgment in her favor and against Defendants for the following:

   a.   Actual damages,

   b.   Statutory damages,

   c.   Punitive damages,

   d.   Attorney's fees and costs;

   e.   Interest on the judgment rendered herein at the maximum lawful rate from the date of its rendition until paid in full; and,

   f.   Such other and further relief as this Court deems just and proper.

DATED this 30th of December, 2015.

CHOI & FABIAN, PLC

By: /s/ Hyung S. Choi
 Hyung S. Choi
       Attorneys for Christina Cohen